Shauck, J.
The order of the court of common pleas of Wayne county, as counsel agree, is within the terms of section 7263, Revised Statutes: “All criminal cases shall be tried in the county where the offense was committed, unless it appear to the court, by affidavits, that a fair and impartial trial cannot be had therein; in which case the court shall direct that the person accused be tried in some adjoining county.”
But the contention of counsel for the defendant is that the natural import of the terms of the statute must be restricted, to the end that it may not conflict with section 10, article I, of the constitution which guarantees to “the party accused * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.” The rule of interpretation suggested is familiar; and its application here is said to require that the statute be so read that the place of trial shall be changed to an adjoining county of the judicial district. The arg-ument is that as the word ‘ ‘district’ ’ is used in this section of the bill of rights with reference to the place where a judicial inquiry shall be conducted, it should be understood as meaning one of the judicial districts for whose creation the constitution makes provision. The force and aptness of this reasoning are apparent; and it seems to have controlled the decisions in some of the cases *372 cited from other states. Although the question is, so far as we know, not settled by any adjudication in this state, we are aware that in, at least, some of the districts, the practice has been • in such cases to order that the accused be tried in an adjoining county of the same district; though this course may have been prompted by a desire to avoid the question which we are now required to determine.
Whether the considerations stated are entitled to controlling effect must be determined by opposing considerations suggested by other provisions of the constitution, the purpose for which this guaranty was inserted in the bill of rights and the generally understood meaning of its terms at the time of its adoption.
Section 3 of article IV ordains that “the state shall be divided into nine common pleas districts, of which the county of Hamilton shall constitute one; and section 12 of article XI, makingthe apportionment for judicial purposes, that: “The county of Hamilton shall constitute the first district, which shall not be subdivided.” We cannot adopt the view of counsel for the defendant, unless we are prepared’ also to adopt the view which these provisions would make inevitable, that the trial of one accused in Hamilton county cannot be changed to any other county. In this connection, and in the view that the law providing for a change of venue is of a general nature, the provision of section 26, article II, is significant: “All lavys of a general nature shall have a uniform operation throughout the stale.” A law of this nature can have no operation anywhere, unless there be such interpretation of this clause in the bill of rights as will permit it to operate everywhere.
*373 The source of jurisdiction to try an accused person is found in other provisions of the constitution. This clause guarantees to him the personal right indicated. The substance of that right is a trial before an impartial jury of the county in which the offense is alleged to have been committed, or so near thereto that he may have the legitimate benefit of his own reputation and that of his witnesses, and that he may, with as much certainty and as little expense and inconvenience as are practicable, secure the attendance of his witnesses. For the preservation of that right the accessibility of the place of trial is highly important. Whether the boundary of a judicial district intervenes, is of no importance whatever. Weyrich v. The People, 89 Ill., 90.
That the term “district” is not used in the sense of judicial district is indicated by other provisions of the instrument. Although section 12, article XI, apportions the state for judicial purposes, the general assembly is authorized to erect new counties and attach them to a convenient district, and by section 15, article IV, it is vested with continuing power to change the districts, or to increase or diminish the number of the districts. It is not, therefore, by irrevocable provision of the constitution, but by the acquiescence of the legislature, that the counties of Wayne and Stark are in different judicial districts. If the general assembly should so exercise the powers thus expressly granted as to place these counties in the same judicial district, the ground of the defendant’s contention would disappear. The insubstantial character of the objection to the jurisdiction of the court of common pleas of Stark county appears when we remember that there can be no denial of *374 the authority of the general assembly to provide for the trial there, and there is really nothing more than a doubt as to the form in which the undoubted power has been exercised.
There is no constitutional right to a trial in an adjoining county, unless it is implied in the use of the word “district.” If that should be construed to mean the judicial district, it would result that the place of trial might be changed to a remote county of the district, whereby the right guaranteed would be seriously impaired. The provision of the statute, that in the case contemplated the place of trial shall be changed to an adjoining county, is a legislative interpretation of the constitutional guaranty. That interpretation regards the district as the vicinity; and it is to be commended unless inflexible rules forbid the preservation of the guaranteed right with its highest value.
It would perhaps be unprofitable, if it were practicable, to seek the meaning of this term beyond the bill of rights in the constitution of 1802, whence it was immediately derived, when incorporated into the present constitution. In the former constitution the term could not have had the meaning now claimed for it by counsel for the defendant, since the judicial district, eo nomine, was unknown in that instrument. When the language was so derived from the former constitution, it had for thirty-five years received the same practicable interpretation which is now questioned. By the seventeenth section of the act entitled “An act pointing out the mode of trying criminals,” passed February 26, 1816, the general assembly provided for the enforcement of the constitutional guaranty, by a change of the place of trial *375 to an “adjoining* county,” if a proper jury could not be had in that in which the offense was committed. "We adopt a familiar and salutary rule of interpretation when we hold that these words were adopted into the present constitution, with the same meaning' they were known to have in that from which they were derived.
To myself this conclusion, reached after a careful consideration of the reasons involved, is not less satisfactory because at variance with tentative views previously entertained.

Peremptory writ allowed.